## THE STATE v. MAYER.

EVIDENCE: SUFFICIENCY OF TO SUSTAIN VERDICT.

*Appeal from Muscatine District Court.*

MONDAY, DECEMBER 11.

INDICTMENT for receiving stolen property. There was a jury trial, verdict of guilty, judgment, and defendant appeals.

*D. C. Cloud*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

SEEVERS, CH. J.—It is urged that the verdict is against the evidence. We, however, are of the opinion the testimony is sufficient. The property stolen consisted of five head of fat cattle. They were stolen during the night of the 11th day of October, from the premises of the prosecutor who lived about sixteen miles from Muscatine. On the 12th day of October three of the cattle were found in the defendant's pens at his slaughter-house near Muscatine. The carcasses of the other two were found in his slaughter-house.

The cattle were worth three hundred dollars, and, according to his own statement, the defendant purchased them of some one early on the morning of the 12th day of October. The defendant made contradictory statements as to this man, that is, he described him differently at different times. According to the defendant's statements the man had either sixteen or twenty-one or two head of cattle in his possession at the time he made the purchase, and yet it so happened that he purchased only these particular five head. The only reason given for this was that he got or purchased the tired cattle. The defendant was unable to tell who the party was from whom he got the cattle, nor did he seem to know where he was going with the other cattle, except that his impression was that he was going toward Davenport. It is not shown that he made any efforts whatever to find this man, nor is any affirmative evidence of any description introduced by him. There are other circumstances that tend to prove the allegations in the indictment, which it is useless to take up time or space in setting out. A careful reading of the testimony separately by each member of the court, and a consideration thereof together, constrains us to say that we are united in the opinion that the testimony is sufficient to sustain the verdict.

It is claimed that the defendant was indicted and found guilty of stealing

this same property, and that the verdict was set aside by the court below because the evidence was insufficient, and it is claimed if the evidence in this case proves anything it proves that defendant stole the cattle, or rather that the evidence shows, if anything, that he was an accessory before the fact, and that if such be the case then under the statute he must be indicted and tried as a principal, and that a person cannot be convicted of receiving stolen goods upon evidence that proves him a principal or accessory before the fact.

We are unable to say, conceding the law to be as stated, that the evidence shows beyond a reasonable doubt that defendant is guilty of larceny. But we think it pretty clear that he received the cattle knowing them to have been stolen.

                                                          AFFIRMED.